rdcr Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8406 | **DATE** | 10/27/2004 |
| **CASE TITLE** | Smith vs. Weber, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendant Weber's motion to dismiss second amended complaint [#21] is granted without prejudice to plaintiff filing a third amended complaint in accordance with this memorandum and opinion by 11/8/04. Defendant Weber is given until 11/29/04 to answer or otherwise respond to the third amended complaint. Plaintiff is given until 11/8/04 to show cause why the claims against the City of Chicago should not be dismissed pursuant to Rule 4(m). Fed.R.Civ.P. Status hearing is set for 11/8/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 29 2004 date docketed | |
| | Notified counsel by telephone. | | | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/27/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 02 C 8406 |
| | ) | |
| P.O. MATTHEW WEBER, | ) | |
| and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
OCT 2 9 2004

## MEMORANDUM OPINION AND ORDER

In this case brought under 42 U.S.C. § 1983, defendant Chicago Police Detective Matthew Weber ("Weber") has moved to dismiss the six-count second amended complaint filed by plaintiff, Terrance Smith ("Smith"). In response to Weber's arguments, Smith has conceded that his claims in Count II (arrest without probable cause in violation of the Fourth and Fourteenth Amendments), Count IV (respondeat superior liability on the part of the City of Chicago for the willful and wanton shooting of Smith by Weber) and Count V (respondeat superior liability on the part of the City of Chicago for expressly authorizing Weber to use excessive force) are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).[1] Although Smith did not respond to Weber's arguments concerning the applicability of *Heck* to Count VI of the complaint, which alleges

---

[1] In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-487, 114 S. Ct. at 2372 (emphasis in original).

that Weber and the City of Chicago maliciously abused the criminal process against Smith and falsely arrested and falsely imprisoned Smith, Smith now states that he wants to proceed with Count I of his second amended complaint only.[2] Thus, the court will address only the arguments pertaining to Count I.

In Count I, Smith alleges that (1) Weber used excessive force and unreasonably seized Smith in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution during the course of the arrest that occurred on January 22, 2002.[3] Smith alleges that he was unarmed and attempting to remove himself from the area of a shooting outside of the Epitome Nightclub (E-2) when Weber shot him from behind. The court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). For the reasons stated herein, the court grants Weber's motion to dismiss [#21] without prejudice to Smith's filing a third amended complaint.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is

---

[2]Neither party addressed Count III of Smith's second amended complaint, which alleges that it is the policy and practice of the City of Chicago to authorize certain officers, including defendant Weber, to use unauthorized and excessive force, in violation of Smith's constitutional rights against unlawful seizure pursuant to the Fourth and Fourteenth Amendments. (Pl. Second Amended Complaint at ¶¶ 32-34). This is presumably because Count III is alleged against the City of Chicago only. Although Corporation Counsel represents Weber, she has not appeared on behalf of the City and it appears that the City of Chicago has never been served with a copy of the summons and complaint. The file reflects that Weber may not have provided the Marshal's Service a summons and a copy of the complaint for the City.

[3]This arrest gave rise to the charges that were challenged in the now-abandoned counts of the Second Amended Complaint. On March 15, 2004, Smith was found guilty of aggravated discharge of a firearm in the direction of another person or in the direction of a vehicle he knows or reasonably should know to be occupied by a person; aggravated unlawful use of a weapon; and unlawful use or possession of a weapon by a felon. A district court may take judicial notice of matters in the public record without converting a 12(b)(6) motion into a motion for summary judgment. *Henson* v. *CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## DISCUSSION

Weber argues that Smith has failed to state a claim of excessive force under the Fourth Amendment in Count I because the allegations in Smith's second amended complaint, that he was unarmed and did not pose a threat of death or grievous bodily injury to anyone and that Weber lacked probable cause (Pl. Second Amended Complaint at ¶¶ 18-21), are contrary to the convictions and therefore are under *Heck* doctrine an impermissible attack on his convictions. In response, Smith acknowledges the impropriety of such allegations in light of *Heck* and requests that the court allow him leave to file a third amended complaint in accordance with *Heck*.[4] Smith contends that whether Weber used reasonable or unreasonable force on January 20, 2002 is still a proper issue before this court. *See Robinson v. Doe*, 272 F.3d 921 at 923 (7th Cir. 2001)("Police might well use excessive force in effecting a perfectly lawful arrest. And so a claim of excessive force in making an arrest does not require overturning the plaintiff's conviction even though the conviction was based in part on a determination that the arrest itself was lawful.")(citations omitted). Although plaintiff's

---

[4]Smith also has conceded that he improperly relied upon the Fourteenth Amendment as the basis for his claim of excessive force against Weber in Count I. *See Graham v. Connor*, 490 U.S. 386 at 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)("*all* claims that law enforcement officers have used excessive force - - deadly or not - - in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.")(emphasis in original).

convictions are significant obstacles to his ultimate proof, the court agrees with plaintiff that the facts do not foreclose a claim of excessive force.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its complaint with leave of court, and leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court "need not allow an amendment when there is undue delay, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). However, delay is not a sufficient basis for denial of leave to amend unless the delay has caused the opposing party undue prejudice. *Textor v. Board of Regents*, 711 F.2d 1387, 1391 (7th Cir. 1983). "Generally, 'the grant of leave to amend . . . is within the discretion of the trial court.'" *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995), *quoting Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

Since Weber has not responded to Smith's request for leave to file a third amended complaint, no undue prejudice to Weber is apparent from the delay, and Rule 15(a) requires that leave to amend be freely given, the court grants Smith leave to file a third amended complaint.

## CONCLUSION

For the reasons stated above, the court GRANTS Weber's motion to dismiss Smith's second amended complaint [#21] WITHOUT PREJUDICE to Smith's filing a third amended complaint in accordance with this opinion by November 8, 2004. Weber is given until November 29, 2004 to plead or otherwise respond to the third amended complaint. Plaintiff is given until November 8, 2004, to show cause why the claims against the City of Chicago should not be dismissed pursuant

4

to Rule 4(m), Fed. R. Civ. P. This case will be called for a status hearing on November 8, 2004 at 9:30.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: October 27, 2004